## THE PEOPLE v. ERASTUS R. BATES.

*Criminal law—Rape—Charge to jury.*

In this case it is *held* that the jury were instructed not to confine themselves to the testimony of the complaining witness, but to base their verdict upon the *whole* testimony, and the conviction is affirmed.

Error to Kent. (Montgomery, J.) Argued April 24 and 25, 1888. Decided May 11, 1888.

Respondent was convicted of rape, and sentenced to State prison for ten years. Judgment affirmed. The facts are sufficiently stated in the opinion.

*Frank S. Donaldson (Isaac H. Parish, of* counsel), for respondent.

*Moses Taggart,* Attorney General, for the people.

MORSE, J. The respondent was convicted, in the Kent circuit court, of the crime of rape upon the person of one Clara Miller.

There are two objections raised here to the validity of this conviction.

It is contended that there was no evidence to sustain the verdict; that, if any sexual intercourse occurred, it was with the consent of the woman, and incest because of the relationship existing between the parties.

We have carefully examined the testimony, and are unanimous in the opinion that there was sufficient evidence to be submitted to the jury upon the question of rape.

It would serve no useful purpose to discuss the testimony in detail, or even to call special attention to any portion of

it. The less it appears in the light, the better it is for the parties concerned and the general public.

It is also assigned as error that the court, in his charge to the jury, prejudiced the respondent, by stating, in substance, that the jury were justified in finding the defendant guilty upon the testimony of the complaining witness alone. The court, we think, submitted the case plainly and fairly. The circuit judge said:

" On the part of the people, the people's case is established, as is claimed, by the testimony of the complaining witness. You have heard her testimony. The public prosecutor contends from that that she has testified to a state of facts which shows rape. It will be for you to say whether that is true, under the instructions which I have given you, and whether you credit the story as she has told it.

" On the other hand, the defendant has testified in the case, and there has been testimony offered on the part of the defense showing the situation of the granary in question, where it is claimed this act occurred.

" It will be for you to say, after weighing all this evidence, —that offered by the people, and that offered on the part of the defense,—where is the truth of the matter. Is this charge brought against this respondent, upon the whole record,—the evidence adduced upon the whole record,— established beyond a reasonable doubt, or is it not? If you find it is thus established, of course your verdict will be guilty. If you find it not so established, it will be not guilty."

The counsel for the defense singles out the first paragraph above quoted, and bases his objection upon it. Previous to this the court had accurately and clearly defined what facts must be found in order to constitute the crime of rape. It seems to us clear enough that the jury were instructed not to confine themselves to the testimony of the complaining witness, but to base their verdict upon the whole testimony.

He did tell them that they were to ascertain from her story, if they believed it, whether the facts narrated by her established rape or not. As, according to her testimony, no one

was present but herself and the respondent, and as the respondent denied having any intercourse with her at the time or place alleged, the jury must have found rape from the facts narrated by her, if at all, and therefore the instruction in that respect was correct.

There was other evidence in corroboration of her story, and the letters of the respondent, written while in jail to his wife, bore strongly in the direction of his guilt.

The court also said, further along in his charge:

" In stating what the claim of the prosecution was, I referred to the testimony of the complaining witness only. I did not mean to exclude from your consideration any fact in the case which is before you as evidence which you think has a bearing to support the testimony of the complaining witness. For instance, certain letters written by the respondent have been read in your hearing, and whatever weight you think they are entitled to have, as bearing upon the question of where the truth of this matter is, you have a right to give it."

The respondent was rightfully convicted upon a fair trial, and the judgment and sentence against him must be affirmed.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred. CAMPBELL, J., did not sit.