DURHAM *v.* FEENEY.

1. FALSE IMPRISONMENT—EVIDENCE— MUSKEGON CHARTER— ORDI-
NANCES—ARREST—POLICE OFFICER.
   In an action for illegal arrest and false imprisonment on
   the charge of soliciting for prostitution, the provisions
   of the charter of the city in relation to the duties of
   police officers, and the ordinance for the violation of
   which plaintiff was arrested, were admissible in evidence.

2. SAME—EVIDENCE—ADMISSIONS.
   Plaintiff's statement in the police court on the next morn-
   ing after her arrest, in the nature of an admission, was
   admissible to show her understanding of the purpose of
   her conduct on the night of her arrest.

3. SAME—EVIDENCE—REPUTATION—CHASTITY—DAMAGES.
   Plaintiff having claimed damages because of injury to her
   reputation, evidence tending to show that her reputation
   for chastity was bad was admissible as bearing on the
   question of damages.

4. SAME—ARREST—POLICE OFFICERS—QUESTION FOR JURY.
   Where a question of fact was raised by the evidence as
   to whether plaintiff was violating the terms of an ordi-
   nance in the presence of the officer making the arrest,
   the issue should have been submitted to the jury.[1]

Error to Muskegon; Sullivan, J. Submitted Octo-
ber 5, 1916. (Docket No. 54.) Decided March 30,
1917.

Case by Ruth Durham, a minor, by next friend,
against William Feeney for false imprisonment. Judg-
ment for plaintiff. Defendant brings error. Re-
versed.

---

[1]Generally, as to liability of officer for making arrest, see
notes in 51 L. R. A. 193, 42 L. R. A. (N. S.) 71; L. R. A. 1916F,
403.
   On evidence of character, in an action for false imprison-
ment, see note in 14 L. R. A. (N. S.) 755.

*Charles B. Cross* and *Willard J. Turner,* for appellant.

*R. R. Gale,* for appellee.

MOORE, J. This action was brought for illegal arrest and false imprisonment. At the time of the occurrence which gives rise to this suit defendant was one of the police officers of the city of Muskegon, and claims he made the arrest for the violation by the plaintiff in his presence of one of the ordinances of the city. The trial court instructed the jury that defendant was guilty, that their only duty was to fix the amount of damages. Plaintiff recovered a judgment for $135 and costs. The case is here for review upon writ of error.

The questions involved are discussed under the following heads:

(1) Error in rulings on evidence.
(2) Prejudicial language of the trial court.
(3) Error in directing a verdict for plaintiff.
(4) Error in the judge's charge.

We should consider the case from the viewpoint of the defendant. It is his claim that complaint had been made of the conduct of plaintiff and her companion in soliciting men for the purpose of prostitution; that upon the night in question a complaint of that character had been made to the police department by the humane officer of the city; that defendant, accompanied by the humane officer and another man, all in plain clothes, saw the plaintiff and another young woman of about her own age on the street. We quote from the officer's testimony:

"I left the office that night and went down to the corner of Terrace street and Western avenue where I met Mr. Healy. We went from there down Terrace street, as far as Market; turned around the corner at the Chamberlain Hotel; walked down Market street

towards the post office. When we got about back of Vanderwerp's store there we passed Ruth Durham and Tillie Larson.  *  *  *  As we passed by one of them said, coughing, 'Hello there, kid.'  *  *  *  We passed them then, and we stopped on the corner by Fisk's cigar store, and the girls walked by us over to the post office, and I followed them over, and I asked Ruth what she meant by that, the way they saluted us when we went by. Ruth said, 'I told her not to do that; that you were officers, and that we would get in trouble.' I further questioned her and asked her if she made a business of stopping people and soliciting them on the streets,  *  *  *  and she said, 'Yes.' I said, 'Did you just pick this gentleman up that you have got with you now?' and she said, 'Yes.' I asked her if she knew him. She said, 'No,' she didn't know the name, and I said, 'When was the last time you picked anybody up?' She said, 'Last night.' I said, 'Where did you have him last night?' She said 'In the Schoenberg block,' and Tillie was inside the post office at the time.

"*The Court:* There was no man there with her at the time you spoke to her?

"*A.* Yes, there was.

"*Q.* Talking to her?

"*A.* Why he was standing right with them. He was with them all the time going up Market street.  *  *  * When we got over to the city hall I took the girls in the office across from the police headquarters and afterwards took them down in the women's department and locked them up there. I am on duty nights and was at that time. My hours are from 6 in the evening until 6 in the morning. I leave at 6 in the morning. The justices of the peace are in their offices in the city hall from 9 a. m. until 12 and from 1:30 to 5 in the afternoon, and they are not in again until 9 the next morning."

The other two men testified to substantially the same state of facts. Both of the young women were witnesses, and denied the statements made by the officer and his witnesses.

The defendant attempted to show that the next morning after the arrest the two women were taken

before the police justice and arraigned for the violation of an ordinance approved June 25, 1878, and that, after the charge as contained in the complaint and warrant was read to them, they pleaded guilty, and that Ruth Durham was sentenced to pay a fine, and in default of payment that she be confined in the county jail. The written complaint and warrant were not produced in court, it was stated, because the magistrate was ill and not able to attend court. The judge excluded the offered testimony. An attempt was made to show by a witness who was present in the police court that the magistrate explained to the young women that they were charged with soliciting for the purpose of prostitution, contrary to the terms of the ordinance, and each said she was guilty. This proof was excluded, as were the charter provisions in relation to the duties of policemen and the ordinance which it is claimed was violated. An attempt was made to show the bad reputation of the plaintiff for chastity as bearing upon the question of damages. This was excluded. We get the impression from the active part taken in the conduct of the trial by the judge, as disclosed by the record, that he was of the impression an officer was not allowed to make an arrest without a warrant unless a breach of the peace or some greater offense was committed in his presence, and that what was done was not a breach of the peace.

In *Burroughs* v. *Eastman*, 101 Mich. 419 (59 N. W. 817, 24 L. R. A. 859, 45 Am. St. Rep. 419), it is held that the provision of the charter of the city of Grand Rapids which authorizes police officers to arrest without process all persons who shall, in the presence of an arresting officer, be engaged in the violation of any ordinance of the city is constitutional. We think the provisons of the charter of the city of Muskegon in relation to the duties of police officers should have

been received in evidence. We also think the ordinance should have been received.

What was said by the plaintiff the next morning after the arrest before the police magistrate in the nature of an admission should have been received, as it tended to characterize plaintiff's understanding of the purpose of her conduct on the night of the arrest. See *People* v. *Gould*, 70 Mich. 240, at page 243 (38 N. W. 231).

In her declaration plaintiff claimed the arrest entitled her to damages because of the effect upon her reputation. As bearing upon the question of damages, the evidence tending to show it was bad at the time of the arrest was admissible.

The record discloses a question of fact as to whether plaintiff was violating the terms of the ordinance in the presence of the officer when the arrest was made, which should have been submitted to the jury.

It is not necessary to discuss the other assignments of error.

Judgment is reversed, and a new trial ordered, with costs to defendant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.