## THE PEOPLE v. THOMAS BARTZ.

*Breach of the peace "in the presence of an officer."*

1. The wanton discharge of a firearm in the public street of a city is a breach of the peace.

2. A breach of the peace is committed "in the presence of an officer,"

though done at some distance from him, and in the dark, if he can detect the act, and could see the person doing it if it were light.

Exceptions before judgment from the Recorder's Court of Detroit. (Swift, J.) April 18.—April 23.

BREACH of the peace. Conviction affirmed.

*Edward S. Grece* for respondent appellant.

Attorney General *Van Riper* for the People.

CHAMPLIN, J. Respondent was convicted in the Recorder's court of the city of Detroit of knowingly and willfully assaulting Frank Lewis, a member of the Metropolitan Police department, by discharging at and towards him a revolver loaded with cartridge and ball. It was charged that on the 22d day of December, 1883, respondent broke the public peace in the city of Detroit by wantonly discharging a revolver in one of the public streets, in the presence and hearing of Policeman Lewis, who, deeming it necessary as a means of preserving the public peace, and as a means of preventing a further breach thereof on the part of respondent, arrested and took him in custody, and while on the way to the station the respondent committed the assault for which he was convicted. The record shows that the jury must have found the fact that the respondent, about eleven o'clock at night, wantonly discharged his revolver while in the public street, at the corner of Michigan Grand avenue and Randolph street. The officer who made the arrest was standing on the opposite side of the avenue, and saw the flash and heard the report and saw the respondent and another man start and run up Randolph street to [Fort and across to] Brush street. The officer pursued and arrested respondent at this point. He had not been out of sight of the officer from the time he fired the shot until he overtook and arrested him. The verdict of the jury is conclusive upon the facts that respondent wantonly discharged his revolver in the public street, and that he willfully committed the assault upon the officer while in his custody and under arrest for the offense. Two questions only

are presented for our determination: *First*, Was it a breach of the public peace to wantonly discharge a revolver at the place named in the information under the circumstances shown by the evidence? *Second*, Was the offense committed in the presence of the officer so as to authorize him to arrest respondent without written warrant from a magistrate?

It was said in *Galvin v. State* 6 Cold. (Tenn.) 294, that "a breach of the peace is 'a violation of public order, the offense of disturbing the public peace. An act of public indecorum is also a breach of the peace.'" The term "breach of the peace" is generic, and includes riotous and unlawful assemblies, riots, affrays, forcible entry and detainer, the wanton discharge of firearms so near the chamber of a sick person as to cause injury, the sending of challenges and provoking to fight, going armed in public without lawful occasion, in such manner as to alarm the public, and many other acts of a similar character. The wanton discharge of firearms in the public streets of a city is well calculated to alarm the public and cause them to be apprehensive of individual safety; and I think the Recorder was entirely correct when he instructed the jury that such act constituted a breach of the peace.

Was the offense committed in the presence of the officer? If it was, he was authorized to make the arrest without a warrant. I think it was committed in his presence. The distance was the width of the avenue. He was in sight of the person discharging the pistol, and did not lose sight of him while pursuing to make the arrest. Had the shooting occurred in the daytime, no such question would be raised. A person's presence does not depend upon whether he can be distinctly seen or discerned by another. An assemblage of persons in a room lighted with gas do not cease to be present when the gas is turned off and they are left in total darkness. The presence of the officer in this case was so apparent to respondent that he deemed it prudent to absent himself as soon as he discharged the revolver. The court instructed the jury, as matter of law, that when a pistol is fired off in the way the testimony tended to show this was,

so the officer could see the flash of the pistol and hear the shot, and the person who fired the shot would have been in sight if it had been light so he could have seen him, it was sufficiently in his presence in the meaning of the law. I think the charge was correct. If the person discharging the pistol had committed a homicide, and the officer had started for a magistrate to obtain a warrant, instead of immediately arresting him, and the offender had escaped, the officer would have justly been considered reprehensible for gross dereliction of duty.

The exceptions are overruled, and the Recorder advised to proceed to judgment.

COOLEY, C. J. and SHERWOOD, J. concurred.

CAMPBELL, J. I concur in sustaining the conviction, inasmuch as the court confined it to a common assault. I have no doubt the assault on the officer, whether the arrest was legal or not, was such as to expose the respondent to the responsibility of an unlawful attack.

But I do not think that the mere firing of a pistol in the street, without the purpose of doing harm to any one, is in any sense to be regarded as a breach of the peace. Had the conviction been for resisting a lawful arrest, I do not think the facts would have sustained it.