No. 5175.

M. M. MOSLEY *v.* THE STATE.

FALSE IMPRISONMENT—CHARGE OF THE COURT.—The accused, upon his
trial for the false imprisonment of one Broxton, requested the trial court
to charge the jury in substance that, if one Blake was drunk on the street
and disturbing the peace, it was the duty of the appellant, who was the
city marshal, to arrest the said Blake without warrant, and to confine
him in the calaboose, and that Broxton had no right to force or compel
defendant to release said Blake on bond, while drunk; and that if, while
defendant and his deputies were conveying Blake to jail, Broxton at-
tempted to release Blake by force, then defendant had the right to arrest
said Broxton and confine him in jail. *Held*, that responding to the
evidence on the trial, the requested charge was a part of the law, and
should have been given. See the statement of the case for a resume of
the evidence referred to.

APPEAL from the County Court of Johnson. Tried below be-
fore the Hon. B. D. Simpson, County Judge.

The conviction was for the false imprisonment of one Tom
Broxton, and the penalty assessed was a fine of twenty-five dol-
lars.

The evidence for the State established substantially these facts:
Broxton and Blake were two of a party which visited the town
of Alvarado, Johnson county, on the day alleged in the indict-
ment. Blake became intoxicated and committed a disturbance
of the peace by loud talking, cursing and swearing, in a public
place, and was arrested and placed in the calaboose by the de-
fendant, who was marshal of the town. Broxton appealed to the
defendant to release Blake on bond, and offered to make his
bond or deposit money to secure his appearance before the
Mayor's court on the morrow. It was denied by the State's wit-
nesses that Broxton interfered, otherwise than stated, with the
defendant, in making the arrest of Blake.

A large number of witnesses testified, for the defense, that
Blake was more than once warned by the officers that if he did
not desist from cursing and swearing, they would be compelled
to arrest and confine him. When this warning was last given,
Broxton interfered and told the defendant and his deputies that

they could not and should not arrest Blake, and that he would protect Blake in cursing and swearing as much as he pleased. Blake was then arrested.  Broxton followed the officers having Blake in charge, demanding his immediate release on bond, and when the calaboose was reached, and just as Blake was about to be ushered into confinement, he, Broxton, stepped forward, seized one of the officers by an arm, declared that Blake should not be placed in confinement, and attempted to release him by force.  Thereupon the defendant placed Broxton in the calaboose, where he kept him about ten minutes and then released him on bond.

*Poindexter & Padelford*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.  It was error to refuse the second special charge requested by defendant.  Said charge is applicable to the facts proved, is a part of the law of the case, and was not embraced in the general charge given to the jury.  The action of the court in refusing said special charge was excepted to at the time of the trial, and is presented to this court by bill.  For said error the judgment must be reversed and the cause remanded for new trial.

We find no other material error in the record.  We will remark, however, upon the evidence that it impresses us strongly with the belief that an officer has been convicted of an offense for doing that which the law not only authorized, but made it his duty to do.

*Reversed and remanded.*