## THE PEOPLE v. JOHN JOHNSON.

*Arrest—Breach of the peace—Presence of the officer.*

1. In general terms, a breach of the peace is a violation of public order, a disturbance of the public tranquillity, by any act or conduct inciting to violence, or tending to provoke or excite others to break the peace. *Quinn v. Heisel*, 40 Mich. 576; *Way's Case*, 41 Id. 299; *People v. Bartz*, 53 Id. 495; *Davis v. Burgess*, 54 Id. 514; *Robison v. Miner*, 68 Id. 549; *Ware v. Circuit Judge*, 75 Id. 492.

2. To be intoxicated and yelling on the public streets of a village, in such a manner as to disturb the good order and tranquillity of the village, is an act of open violence, and a breach of the peace, which, if committed in the *presence* of an officer, will justify him in arresting the guilty party without a warrant.

3. To authorize an arrest without a warrant, the offense must be committed in the *presence of the officer*, and the arrest must be made *immediately*.

4. A village marshal is not justified in making an arrest, without a warrant, of a party who has been guilty of a breach of the peace by shouting on the public streets while out of sight of the officer, who acts upon information received from a third person in making the arrest.

Exceptions before judgment from Mackinac. (Steere, J.) Argued May 6, 1891. Decided May 21, 1891.

Information for resisting an officer. Conviction set aside, and respondent discharged. The facts are stated in the opinion.

*James J. Brown*, for respondent.

*A. A. Ellis*, Attorney General, and *P. N. Packard*, Prosecuting Attorney, for the people.

[The points of counsel are stated in the opinion, where the authorities are cited.—REPORTER.]

CHAMPLIN, C. J. Main street, in the village of Naubinway, Mackinac county, runs east and west. A street runs north from Main street, upon which is located the house of one Bruce. Between 9 and 10 o'clock of the 28th day of December, 1890, as the respondent, John Johnson, and one McAlister were walking along Main street, Johnson "shouted" or "whooped" in a loud voice twice. The shout was heard by Frank Murry, who was marshal of the village, and who was at the time standing upon the door-step of Mr. Bruce's house. He started towards Main street, and proceeded down that street until he came to Johnson and McAlister, and asked, "Who done that hollering?" and McAlister replied that it was Johnson, and he then arrested him for it, and attempted to take him to the jail or lock-up. Johnson resisted, and Murry used his club, and sent for Deputy-Sheriff Lull, whereupon they handcuffed Johnson, and dragged him to the jail. It is not necessary in this action to describe or comment upon the conduct of Murry while taking his prisoner to the jail, and after they arrived there.

The prosecuting attorney filed an information against Johnson for resisting the officer, Frank Murry,—

"While in the lawful execution of the duties of his office in attempting to arrest him, the said John Johnson, for then and there being drunk, intoxicated, disorderly, and yelling, and disturbing the public peace, in the public streets of the village of Naubinway, in the presence of him, the said Frank Murry, he, the said Frank Murry, being then and there engaged in his lawful attempts to maintain, preserve, and keep the peace," etc.

Upon trial Johnson was convicted. There was a conflict of testimony as to what occurred at the time of the arrest, but in the rulings here made we have taken the testimony of the people as that upon which the conviction must stand if it can be supported. By Murry's tes-

timony he was over 150 feet away, and upon another street, when he heard the shout. There is no testimony showing that he was in sight of Johnson and McAlister, nor that he knew who it was who shouted, but he based his arrest upon the statement of McAlister that it was Johnson. There was not any riot, noise, or disturbance when he reached them. No other persons are shown to have been upon Main street when Murry first accosted Johnson and McAlister. He had no warrant for the arrest of either Johnson or McAlister.

Under the facts above stated two questions are raised:

1. Did Johnson, by the act of "shouting" or "whooping" in the public street of the village when on his way home, accompanied by McAlister, at the time of night stated, commit a breach of the peace?

2. If yes, was the offense committed in the presence of the officer, Murry?

1. We have had occasion to define the substance and nature of this offense in the following cases: *Quinn v. Heisel*, 40 Mich. 576; *Way's Case*, 41 Id. 299; *People v. Bartz*, 53 Id. 495; *Davis v. Burgess*, 54 Id. 514; *Robison v. Miner*, 68 Id. 549; *Ware v. Circuit Judge*, 75 Id. 492. In general terms the offense is a violation of public order, a disturbance of the public tranquillity, by any act or conduct inciting to violence, or tending to provoke or excite others to break the peace. Each case where the offense is charged must depend upon the time, place, and circumstances of the act.

The circuit judge instructed the jury that—

"To be intoxicated and yelling on the public streets of a village, in such a manner as to disturb the good order and tranquillity of that village, would be an act of open violence, and would be a breach of the peace, which, if committed in the presence of an officer, would justify him in making the arrest."

86 MICH.—12.

This was a correct statement of the law, and was applicable, under the testimony in this case. Hawley, Arrest, p. 38; *Moseley v. State* (Tex.), 4 S. W. Rep. 907; *State v. Lafferty*, 5 Har. (Del.) 491; *Bryan v. Bates*, 15 Ill. 87; *State v. Freeman*, 86 N. C. 683; *City Council v. Payne*, 2 Nott & McC. 475; *State v. Bowen*, 17 S. C. 58.

2. Was the offense committed in the presence of the officer, Murry, so as to authorize him to make the arrest without a warrant? To restate the facts: Johnson was not in the view of the officer. He did not know who it was that raised the shout. He arrived at the place after the occurrence, and inquired, "Who done that hollering?" and was told by McAlister that it was Johnson, and he then arrested him. At that time Johnson was not engaged in making any noise or disturbance. At the time the officer heard the shout he was over 150 feet away, upon another street. It was not in his presence, and when he arrived there was perfect tranquillity. To authorize an arrest without a warrant, the offense must be committed in the presence of the officer, and the arrest must be made immediately. The officer did not act upon his own knowledge, but upon information he had gained by inquiries from McAlister. If he could make the arrest under such circumstances without a warrant, then there is no reason why he could not have made it the next day, or a week after, upon inquiry and information that Johnson was the person whom he heard shouting.

*People v. Bartz*, 53 Mich. 493, is cited as supporting the proposition that the offense was committed in the presence of Murry. The facts in that case were different from the facts in this. In that case the officer who made the arrest saw the flash made when the pistol was discharged, heard the report, and *saw* the respondent,

Bartz, and pursued and arrested him. Bartz had not been out of sight of the officer from the time he discharged the pistol until the officer overtook and arrested him.

It is claimed by counsel for the people that Johnson, being intoxicated in a public street, was liable to be arrested therefor without warrant, under Act No. 4, Laws of 1887 (3 How. Stat. § 9314 $i$), and section 2893, How. Stat. But this position is one taken in this Court for the first time. The case was tried below upon the charge and theory that Murry made the arrest for a breach of the peace. The officer made the arrest for that offense, as is apparent from his inquiry of Mr. McAlister. He did not inform Johnson that he arrested him for being intoxicated, and does not testify that he was intoxicated. McAlister is the only one who testified that Johnson was intoxicated, and that he was taking him home. The judge put the case to the jury upon the theory that the arrest was made for committing a breach of the peace, and the people will not be permitted, after trial and conviction of respondent upon that theory, to change ground, and claim that he was arrested for being intoxicated under the act cited.

The conviction must be set aside, and the prisoner discharged.

The other Justices concurred.