## PEOPLE v. MATTHEWS.

### Cr. No. 525; September 16, 1899.

58 Pac. 371.

**Homicide.**—The Admission of Evidence not Affecting Substantial Rights of defendant and not prejudicial to the merits of his defense is not ground for reversal.

**Homicide—Sobriety of Accused.**—Evidence Showing that at the time of the murder defendant was sober is not prejudicial to defendant, where he and others have testified to the same effect.

**Homicide.**—An Instruction is Properly Refused Which is based upon a state of facts of which there is no evidence.

**Homicide.**—Testimony to the Effect That Witness, on the night of the homicide, passed a young man on the road; that afterward she heard a wagon coming rapidly up behind, and soon after the sound ceased, and she heard a pistol shot; that she passed the place next morning, and saw a pool of blood; and that she had recognized a body at the morgue as the body of the young man she had passed on the road, is material, and properly admitted.

**Homicide—Resisting Arrest.**—Where the Defense to Homicide is that defendant, a constable, was attempting to arrest deceased, an instruction, "If the jury believe that defendant, when he fired the fatal shot, was lawfully attempting to arrest deceased, and intended to shoot over his head, they will find defendant not guilty," was properly modified to read, "If the jury believe that defendant had reasonable cause to believe, and did believe, that the deceased had committed a felony, and was attempting to arrest deceased, and fired the fatal shot intending to shoot over the defendant's head."

**Homicide—Resisting Arrest.**—An Instruction That, "if the jury had any doubt about the lawfulness of the means adopted by defendant to arrest deceased, they should acquit defendant," is properly refused, as being indefinite.

APPEAL from Superior Court, Santa Clara County.

John A. Matthews was convicted of murder and appeals. Affirmed.

D. W. Burchard and C. L. Witten for appellant; Attorney General Ford for the people.

COOPER, C.—The defendant was charged with the crime of murder, alleged to have been committed in the felonious

killing of one Heinrich Hopken on the twenty-eighth day of June, 1898. It appears that defendant was, at the time of the homicide, a constable of Milpitas township, in Santa Clara county. He had been in and around the saloon of one Pancera nearly all the afternoon, and had been drinking. About 8 o'clock or later in the evening defendant was engaged in playing cards with one McCarron and others in the saloon, when Pancera came in and informed the parties in the saloon that if any of them had any articles in their vehicles outside that they did not want stolen they had better go out and see about them. Defendant and McCarron immediately went out to where defendant's horse, attached to a light spring wagon, was tied to a hitching-post. Defendant looked into his wagon, and informed McCarron that his whip was missing. The defendant immediately unhitched his horse, got into his wagon, and, with McCarron, started south on the Berryessa road, and after the two had gone about a hundred yards the defendant claimed that he had discovered that his coat was also missing from the wagon. After driving rapidly along the road until they had passed Fourteenth street they overtook deceased, who was walking along the south side of the road, and, as the horse was traveling rapidly, they passed him some ten or twelve feet, and stopped. No coat or whip was seen in the possession of deceased other than the coat he was wearing, which was not claimed to be the coat of defendant. When defendant came to within five or six feet of deceased, he addressed him, in substance, "What did you do with that whip?" The deceased said he did not have any whip, and turned and ran; whereupon defendant took out his pistol, and immediately fired, and deceased fell to the ground, some ten or twelve steps from defendant. The defendant and McCarron immediately went up to deceased, and he was lying on his back, with blood on his face, dead. The jury, by its verdict, found the defendant guilty of manslaughter, and the court sentenced him to a term of five years in San Quentin. He made a motion for a new trial, which was denied, and this appeal is from the judgment and order. The case comes here on a bill of exceptions and the judgment-roll.

1. There was no error in admitting the evidence of the witness Cothran. The witness testified that on the evening of the homicide he saw deceased at the house of his brother, E. E. Cothran, 229 Ninth street, and that deceased left about

half-past 9 o'clock; that he saw the dead body the next morning; and that deceased was between seventeen and eighteen years of age. There was nothing in the testimony of the witness that could in any way have been prejudicial to defendant. The admission of evidence not affecting the substantial rights of a defendant, and not appearing by the record to have been prejudicial to the merits of his defense, is no ground for the reversal of a judgment: People v. Clark, 106 Cal. 32, 39 Pac. 53.

2. The witness Jones was allowed, under defendant's objection, to testify that defendant was at the saloon of witness on the morning of June 28th; that he took probably three or four drinks, but was at no time intoxicated, and left about 1 o'clock in the afternoon. While this testimony does not appear to have much to do with the issue, it could not have prejudiced the defendant. He testified in his own behalf that he was perfectly sober, and his counsel proved by McCarron, on his cross-examination, that defendant was not under the influence of liquor at the time of the homicide.

3. In the instructions of the court to the jury it was said, in effect, that a peace officer cannot legally arrest any person for petit larceny without a warrant, when the larceny was not committed in the presence of such officer; and the court refused the thirty-third instruction asked by defendant, to the effect that a peace officer may, without a warrant, arrest a person for a public offense committed in his presence. We think the instruction given by the court stated the law correctly (Pen. Code, sec. 836; People v. Johnson, 86 Mich. 175, 24 Am. St. Rep. 116, 13 L. R. A. 163, 48 N. W. 870); and the defendant's requested instruction was properly refused, because there was no evidence that any offense had been committed in the presence of the defendant.

4. The witness Mrs. Thompson was allowed, after objection of defendant's counsel, to testify that, on the night of the homicide, she was on the way home from San Jose, with her husband and sister; that, after 9 o'clock, they passed a young man on the Berryessa road, walking leisurely along smoking a cigar, and that he had no coat or whip, except the coat he was wearing; that, after they passed the young man, they heard a horse and wagon coming up behind them rapidly, and after they had gone some twenty or thirty rods there was a cessation of the sound of the horse and wagon, and they

heard a pistol shot; that she passed the place next morning, and saw a pool of blood by the road; and that she saw the body of the boy at the morgue, and recognized it as the body of the young man she had passed in the road. This testimony was material, and was properly admitted.

5. It is said that the court erred in refusing defendant's requested instructions numbered 12, 13, 19, 24, 26 and 35. Counsel have not seen fit, in their brief, to give us the benefit of their reasons as to why the refusal to give the instructions, or either of them, was error; but we have examined them, and we discover no prejudicial error in the refusal to give any of them. The twelfth, while stating a correct proposition of law, was covered fully by other instructions. The thirteenth, as requested, was as follows: "If the jury believe that the defendant, when he fired the fatal shot, was lawfully attempting to arrest deceased, and intended to shoot over the head of deceased, and that such act on the part of defendant was a necessary and proper one for the purpose of inducing the deceased to stop, then they will find the defendant not guilty." While the court refused it as requested, it was given as modified, as follows: "If the jury believe that the defendant had reasonable cause to believe, and did believe, that the deceased had committed a felony, and was attempting to arrest deceased, and fired the fatal shot intending to shoot over the head of deceased, and that in so shooting the defendant did so for the purpose of inducing the deceased to stop, then if you find that such act on the part of defendant was necessary for the purpose of effecting such arrest, then you will find the defendant not guilty." The modification was proper, and was certainly as favorable to defendant as he could expect, or as the law would warrant. The nineteenth request was that if the jury had any doubt about the lawfulness of the means adopted by defendant to arrest the deceased they should acquit the defendant. This instruction was too indefinite in the form in which it was tendered, and would only have tended to confuse the jury. Elsewhere in the charge the jury are told that the prosecution must prove every fact and circumstance necessary to a conviction beyond a reasonable doubt, or they cannot convict the defendant. The twenty-fourth and twenty-sixth requests were fully covered by other instructions given by the court. The thirty-fifth instruction, as requested, was prop-

erly refused. It not only states an incorrect proposition of law, but it was properly refused, because there was no evidence in the record upon which it could apply. The court very fully and ably stated the law as applied to the evidence in its charge to the jury, and in every part of the charge the rights of defendant were carefully guarded. We advise that the judgment and order be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.