SCHNIDER *v.* MONTROSS.

1. FALSE IMPRISONMENT—ARREST WITHOUT WARRANT.
   An arrest without a warrant, on a charge of selling meat without a license, in violation of a village ordinance, is unlawful.[1]

2. SAME.
   An officer may arrest without a warrant only in cases of felony or breaches of the peace.

3. SAME—DAMAGES—MALICE.
   Actual damages may be increased for reckless or malicious conduct of the officer making the unlawful arrest.

4. MALICIOUS PROSECUTION — JUSTIFICATION UNDER PROCESS — PROBABLE CAUSE.
   No recovery can be had for a subsequent arrest under a warrant fair upon its face, where a conviction in justice's court resulted; probable cause being established by the conviction.

Case made from Oakland; Smith, J.   Submitted June 22, 1909.   (Docket No. 87.)   Decided September 21, 1909.

Case by C. Ralph Schnider against James Montross for false imprisonment and malicious prosecution.   A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on a case made.   Reversed.

*Austin E. Richards,* for appellant.

*Andrew L. Moore,* for appellee.

The plaintiff is a meat peddler in Oakland county and particularly in the village of Leonard, in said county. The defendant, upon the date of the commission of the alleged wrong to plaintiff, was the proprietor of a butcher shop in said village.   On April 24, 1908, there was in force in said village Ordinance No. 26½, making it unlaw-

---

[1] As to liability of officer for making arrest without warrant, see note to *Leger* v. *Warren* (Ohio), 51 L. R. A. 193.

ful for any person to "peddle goods, wares, and merchandise, without a license." Upon the same day the village clerk issued to the firm of C. Ralph Schnider & Co. license No. 4, authorizing plaintiff's firm to "sell meats and meat products from a wagon or otherwise" from July 1, 1908, to June 30, 1909. The village adopted another ordinance (No. 30) which took effect July 13, 1908, by the terms of which the license fee was raised from $15 to $50. On July 16, 1908, defendant at his own solicitation was by the village council appointed marshal, and on the morning of July 17th the plaintiff entered the village and offered his meats for sale after the marshal had ordered him to desist, under the claim that he had a right to do so by reason of his license dated April 24, 1908. The defendant without a warrant arrested plaintiff and confined him in the village lock-up. In the afternoon of said day a complaint was made by defendant before a justice of the peace upon which a warrant was issued and the plaintiff was arraigned thereon, charged with violation of Ordinance No. 30. He pleaded "not guilty," an adjournment was taken for six days, and he was taken by defendant to the county jail at Pontiac, where he remained until the following morning. Plaintiff was convicted before the justice of the peace, and upon appeal to the circuit court was discharged. Thereupon he brought suit against defendant for false imprisonment and malicious prosecution in the circuit court for Oakland county, upon the trial of which a verdict was directed in favor of defendant.

BROOKE, J. (*after stating the facts*). The first question presented is whether or not the original arrest, without a warrant, was justified. This must be answered in the negative. It is elementary that an officer may arrest without a warrant only in cases of felony or breaches of the peace. *Tillman* v. *Beard*, 121 Mich. 475 (80 N. W. 248, 46 L. R. A. 215), and cases there cited. The defendant is therefore clearly liable to plaintiff for all actual

damages flowing from the original arrest, to be computed by the jury under proper instructions from the court. Those damages may be increased if defendant acted recklessly or wantonly or with a malicious desire to injure plaintiff.

Is defendant liable for the consequences of the second arrest (under the warrant), the plaintiff having been convicted before the justice of the peace and acquitted upon appeal? No action for false imprisonment can be based upon an arrest under a warrant fair upon its face. The plaintiff cannot recover under his count for malicious prosecution because of his conviction before the justice of the peace, that conviction furnishing conclusive proof of probable cause unless procured by false or fraudulent testimony or other unlawful means. The record discloses no facts which would take this case out of the operation of the rule. *Thick* v. *Washer*, 137 Mich. 155 (100 N. W. 394), and cases there cited. The plaintiff's recovery must therefore be limited to the damages flowing from the original arrest.

The judgment is reversed, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.