# APRIL TERM, 1917.*

## LARSON v. FEENEY.

1. ARREST—ILLEGAL ARREST—ORDINANCES—DISORDERLY CONDUCT.

It is not disorderly conduct in violation of an ordinance warranting an arrest and imprisonment without a warrant, for a woman who passes a man on a public street to cough and say to him, "Hello there, kid."

2. SAME—OTHER OFFENSES.

An arrest and imprisonment without a warrant is not warranted because the plaintiff, in an action to recover damages for illegal arrest and imprisonment without a warrant, is a bad girl, with a jail record, and admitted violations of the same ordinance on other occasions.

3. SAME—DISORDERLY CONDUCT—BREACH OF ORDINANCE IN PRESENCE OF OFFICER.

Arrest and imprisonment without a warrant are authorized only for offenses committed in the presence of the arresting officer and at the time.[1]

4. FALSE IMPRISONMENT—EVIDENCE—PLEA OF GUILTY — ADMISSIBILITY.

In an action against a police officer to recover damages for illegal arrest and imprisonment without a warrant, evidence of a plea of guilty to the offense charged in a warrant subsequently issued therefor and served, is inadmissible on the question of waiver of liability for such arrest.

5. SAME—TRIAL—EVIDENCE—PRACTICE.

In such action, where a record of plaintiff's conviction and sentence on a warrant subsequently issued for the same offense was excluded, held, that the better practice would have been to admit all documentary evidence relied on in justification and to then rule that no justification had been shown.

---

*Continued from Vol. 195.

[1]On liability of an officer for making an arrest for breach of a city ordinance, see notes in 51 L. R. A. 193; 42 L. R. A. (N. S.) 69; L. R. A. 1915B, 505.

6. SAME—TRIAL—EVIDENCE—HARMLESS ERROR.

    The exclusion of the record of plaintiff's conviction and sentence on a warrant issued for the offense of being a disorderly person, is harmless error where it would have been immaterial if admitted.

7. PLEADING—AMENDMENT—DISCRETION OF COURT.

    Where, after trial was well under way, defendant asked leave to amend his plea and notice, which was given upon condition that he pay plaintiff's taxable costs and the case be passed to the succeeding term, *held*, that such condition was not unusual or unreasonable, and was no abuse of the court's discretion.

8. TRIAL—APPEAL AND ERROR—FALSE IMPRISONMENT—CONDUCT OF COURT.

    It was not prejudicial error for the court to interrupt argument of counsel, in an action against a police officer for damages for illegal arrest and imprisonment without a warrant, where the only question was as to the amount of damages and the verdict was for only $33.

Error to Muskegon; Sullivan, J. Submitted October 5, 1916. (Docket No. 53.) Decided April 9, 1917.

Case by Matilda Larson against William Feeney for false imprisonment. Judgment for plaintiff. Defendant brings error. Affirmed.

*Charles B. Cross* and *Willard J. Turner,* for appellant.

*R. R. Gale,* for appellee.

BIRD, J. ·The suit was begun by plaintiff to recover damages for an illegal arrest and imprisonment against the defendant, who at the time of the occurrence was a police officer in ·the city of Muskegon. When the proofs were closed the trial court withdrew from the jury all the questions, except the one of damages. They returned a verdict of $33 for plaintiff. Defendant has assigned error.

    1. The real question involved in the case is whether

the trial court was right in controlling the verdict as a matter of law. It appears that plaintiff, in company with her companion, Ruth Durham, was walking upon one of the public streets of Muskegon in the early evening, and as they passed defendant and two men who were talking with him plaintiff coughed and said, "Hello there, kid." The defendant and his companions then stepped into a cigar store, waited a moment, and came out again, as defendant says, "for the purpose of giving the girls enough rope to see how far they would go with it." Nothing further was done or said by the girls. Defendant followed them to the post office, where the plaintiff and her girl companion were taken into custody and locked up for the night. In the morning the plaintiff was taken before a justice of the peace, where it is said a complaint was made and sworn to by a stranger to the affair and a warrant issued thereon; that the complaint was explained to her by the justice that she was complained of as being a disorderly person because she solicited men for the purpose of prostitution, and that she pleaded guilty thereto and was fined, but in default of payment thereof she was sent to jail. Defendant seeks to justify his act in making the arrest under the authority of the charter of Muskegon, which confers upon policemen the authority to arrest without warrant any and all persons in the act of committing any offense against the laws of this State or the ordinances of the city. This authority is challenged by plaintiff's counsel, but he finally takes the position that if we assume that defendant had the power which he claims, he was not justified in making the arrest without a warrant, because plaintiff committed no act in his presence which would constitute her disorderly under the city ordinances. We are of the opinion that counsel is right in this contention. If plaintiff can be conclusively presumed to be a streetwalker or a

soliciting prostitute by coughing and saying, "Hello there, kid," as she passes certain men on the street, the personal liberty of the citizen of this State has reached a pretty low ebb. As well might defendant have concluded that she was disorderly because she turned up her nose at him, or because she was saucy to him, or because she was silly or bold and said indiscreet things. It is possible for a girl to be bold, silly, and have bad manners on the street and still be immune from arrest without a warrant. And it is evident that the defendant himself had his misgivings whether plaintiff's conduct was sufficient to justify her arrest, as he suggested to his companions that they step into the cigar store and give the girls more rope to see whether they would carry it any further. Why wait until they carried it further if the cough and the salutation characterized her as disorderly under the ordinances?

But it is said that the plaintiff is a bad girl and has a jail record, and that she admitted violations of the same ordinance on former occasions. Suppose this were true, that fact did not enlarge defendant's authority to arrest her without a warrant. Such authority is available only when offenses or violations are committed in the presence of the arresting officer and at the time. *Pinkerton* v. *Verberg*, 78 Mich. 573, 580 (44 N. W. 579, 7 L. R. A. 507, 18 Am. St. Rep. 473) ; *Tillman* v. *Beard*, 121 Mich. 475 (80 N. W. 248, 46 L. R. A. 215) ; *Schnider* v. *Montross*, 158 Mich. 263 (122 N. W. 534).

In the first case cited some general observations are indulged with respect to making arrests without warrant which are apropos here.

"If persons can be restrained of their liberty, and assaulted and imprisoned, under such circumstances, without complaint or warrant, then there is no limit to the power of a police officer. Personal liberty,

which is guaranteed to every citizen under our Constitution and laws, consists of the right of locomotion, to go where one pleases, and when, and to do that which may lead to one's business or pleasure, only so far restrained as the rights of others may make it necessary for the welfare of all other citizens. One may travel along the public highways or in public places; and, while conducting themselves in a decent and orderly manner, disturbing no other, and interfering with the rights of no other citizens, there, they will be protected under the law, not only in their persons, but in their safe conduct. The Constitution and the laws are framed for the public good, and the protection of all citizens, from the highest to the lowest; and no one may be restrained of his liberty, unless he has transgressed some law. Any law which would place the keeping and safe conduct of another in the hands of even a conservator of the peace, unless for some breach of the peace committed in his presence, or upon the suspicion of felony, would be most oppressive and unjust, and destroy all the rights which our Constitution guarantees. These are rights which existed long before our Constitution, and we have taken just pride in their maintenance, making them a part of the fundamental law of the land. Whatever the charter and the ordinances of the city of Kalamazoo may provide, no police officer or other conservator of the peace can constitutionally be clothed with such power as was attempted to be exercised here. No disorderly conduct; no breach of the peace, committed in the presence of the officer; no suspicion of felony—and yet, under the charge of the court which counsel seeks to maintain here, a woman may, simply upon suspicion that she may commit an act which at most would only amount to a misdemeanor, be assaulted and imprisoned, if the officer has good reason to believe, and does believe, that she is plying her vocation in such a manner that it will result in an offense."

2. Defendant offered to show by the justice that plaintiff pleaded guilty to the offense of being a disorderly person, but the testimony was excluded by the court. Counsel insists this was admissible on the

question of waiver, and assigns error thereon. This question appears to have been decided adversely to defendant's contention in *McCullough* v. *Greenfield*, 133 Mich. 463 (95 N. W. 532, 62 L. R. A. 906, 1 Am. & Eng. Ann. Cas. 924), where it was said:

"We think the weight of authority does not favor the conclusion that the liability for the illegal arrest is waived by pleading guilty to the offense charged in the warrant."

3. Counsel complains because the record of plaintiff's conviction and sentence was excluded by the court. We think it would have been better practice to have allowed all the documentary evidence upon which defendant relied for justification to have come in for the benefit of the record, and then held as a matter of law that they did not amount to a justification. These matters were held immaterial by the court because they were all made the next morning after plaintiff had been apprehended and served a night in jail. It is quite obvious that, had they been admitted, no use could have been made of them to the jury under the previous ruling of the court.

4. After the trial was well under way defendant asked permission to amend his plea and notice. After some discussion the court granted permission on condition of the payment of the plaintiff's taxable costs (which were conceded to be $30), and that the case pass until the succeeding term. The defendant refused to comply with the conditions, and assigns error upon the ruling of the court. The conditions imposed were neither unusual nor unreasonable. We think no abuse of discretion is shown by imposing such conditions at that stage of the case.

Error is assigned upon the action of the trial court in interrupting counsel's argument to the jury, and also upon the argument of the plaintiff's counsel. The only harm that could have resulted therefrom was

the enhancement of the damages, because that was the only question left to the jury. Inasmuch as the verdict was only $33, we think that we can safely assume that the criticism of the court and argument of counsel were not prejudicial.

We think this case should be distinguished from the case of *Durham* v. *Feeney*, 195 Mich. 318 (162 N. W. 79), because it was shown in that case that Miss Durham made certain admissions prior to her arrest which are held therein to be admissible for the purpose of characterizing acts committed in the presence of the officer.

The judgment of the trial court is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.