LYNN v. WEAVER.

1. ARREST—BREACH OF PEACE.
    Officers are justified in arresting without warrant in case of
    breach of peace occurring at time of arrest.

2. FALSE ARREST—ADMITTED FACTS RENDERED QUESTION ONE OF
LAW.
    In action for false arrest and imprisonment, where facts in case
    were all admitted, it became solely question of law for trial
    judge to pass on.

3. SAME—DIRECTED VERDICT.
    Where, in action against officers for false arrest and imprison-
    ment, according to plaintiff's own testimony he was guilty
    of violating ordinance in regard to disorderly persons at time
    of his arrest without warrant, the trial judge properly di-
    rected verdict for defendants.

4. SAME—CONFINEMENT IN UNCOMFORTABLE CELL INSUFFICIENT
CAUSE WHERE ARREST JUSTIFIABLE.
    That plaintiff was confined in uncomfortable cell for four hours
    did not give him right of action against officers for false
    arrest and imprisonment, where his arrest without warrant
    was justified by his breach of peace in officers' presence.

Error to Saginaw; Browne (Clarence M.), J.
Submitted June 6, 1930. (Docket No. 53, Calendar
No. 35,017.) Decided June 27, 1930.

Case by Fred E. Lynn against Thomas A. Weaver
and Kenneth J. Kennedy for false arrest and im-
prisonment. From a directed verdict and judgment
for defendants, plaintiff brings error. Affirmed.

*R. L. Crane,* for plaintiff.

*Raymond R. Kendrick,* for defendants.

On liability of officer for making arrest without warrant for
breach of peace, see annotation in 51 L. R. A. 206; 1 A. L. R.
585.

Butzel, J. Plaintiff owned a building in Saginaw, Michigan, on the ground floor of which he conducted a second-hand store. The upper floor was divided into three apartments, one of which was rented by the week to one Cooper. The stairway and hallway were used in common by all of the tenants. An effort to collect the rent from Cooper, who was in arrears, resulted in a fist fight in the hallway. Plaintiff states that upon being called an opprobrious name, he "went right after" Cooper and tried his "best to lick him." When the situation began to look serious Cooper's wife telephoned for the police, whose station was across the alley and but a short distance from the rear of plaintiff's building. From the description of the fight, the timely arrival of the police prevented serious injury to one or both combatants. They were in a crouched position and in a very bellicose frame of mind. The officers who made the arrest are the defendants in this case. They witnessed the breach of the peace and made the arrest. After separating the parties, they all walked through the alley to the station, and neither force nor handcuffs were used. At the station plaintiff was locked in a separate cell which had very crude appointments. Cooper was locked in what is known as the "Bull Pen." After approximately four hours, plaintiff was released upon his promise to appear for trial. A complaint was made, and after the case was adjourned several times it was finally dismissed without a hearing. Thereupon, plaintiff brought suit for false arrest and imprisonment against the two police officers.

Officers are justified in arresting without a warrant in a case of breach of the peace occurring at the time of the arrest. *People* v. *Bartz,* 53 Mich. 493; *Tillman* v. *Beard,* 121 Mich. 475 (46 L. R. A.

215).  According to plaintiff's own testimony, he was disturbing the peace and violating Ordinance No. B-5 of the city of Saginaw, entitled: "An ordinance relative to disorderly persons," which provides as follows:

"SEC. 2.  All persons who shall make or assist in making any  *  *  *  disturbance  *  *  *  or improper diversion  *  *  *  or who shall threaten to beat  *  *  *  another or injure him in his person or property  *  *  *  or who shall improperly  *  *  *  lay hands on any person  *  *  *  shall be deemed disorderly persons and upon conviction thereof shall be punishable as hereinafter provided."

The facts in the case were all admitted, and it became solely a question of law for the trial judge to pass upon.  The arrest was made in good faith upon proper and probable cause and wholly within the duty of defendants.  The circuit judge found there was no unreasonable delay in the police captain's holding plaintiff four hours and releasing him on his promise to appear in court.  The fact that plaintiff was confined in an uncomfortable cell may be unfortunate, but it did not give him any right of action against the defendants.  There being no disputed facts, the trial judge instructed the jury to bring in a verdict of no cause of action.

The judgment is affirmed, with costs to defendants.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.