PEOPLE *v.* GRAY

1. ARREST—WITHOUT WARRANT.
   Any peace officer may, without a warrant, arrest a person for the commission of any felony or misdemeanor in his presence (CL 1948, § 764.15).

2. ARREST—WITHOUT WARRANT.
   An arrest without a warrant by a police officer after a commission of any felony or misdemeanor in his presence must be made immediately.

3. ARREST—REASONABLE FORCE—UNLAWFUL ARREST.
   A person is justified in using such reasonable force as is necessary to prevent or to resist being unlawfully arrested.

4. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—JURY QUESTION.
   Only the jury may say whether the evidence in a criminal prosecution is sufficient to establish facts which are disputed.

5. CRIMINAL LAW—JURY—WITNESSES—CREDIBILITY.
   The jury is the sole judge of the credibility of the witnesses and the weight of the testimony in a criminal case.

6. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—SUFFICIENCY.
   Conviction of a crime will not be reversed by an appellate court where the facts and testimony, if believed, support the verdict of the jury.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 March 5, 1970, at Grand

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest §§ 22, 30–33.
[3] 5 Am Jur 2d, Arrest § 94.
[4] 21 Am Jur 2d, Criminal Law § 226.
[5] 58 Am Jur, Witnesses § 862.
[6] 5 Am Jur 2d, Appeal and Error § 821.

Rapids. (Docket Nos. 7,790, 7,791.) Decided March 31, 1970.

J. C. Gray was convicted of unlawfully interfering with police officers in the performance of their duties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Lawrence C. Reddy,* Assistant Prosecuting Attorney, for the people.

*Homer Arnett,* for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and Levin, JJ.

Per Curiam. Defendant J. C. Gray was arrested on September 21, 1967, in the city of Kalamazoo and charged with unlawfully interfering with police officers in the performance of their duties in violation of the provisions of CL 1948, § 750.479 (Stat Ann § 28.747).

The record discloses the following events which terminated in defendant's arrest. William Gray, defendant's brother, was observed driving his automobile in a reckless manner. A police officer followed him to his mother's residence where the officer called to the subject saying, "Come here, I want to talk to you." Gray gave no heed to the directive and continued on into the house. In response to a call for assistance, two more officers arrived at the scene. The officers stood on the porch and conversed with the subject's mother, whereupon William Gray came out of the house and was placed under arrest for reckless driving. Unwilling to submit to his fate so passively, Gray attempted to run back into

the house but was temporarily subdued by the arresting officer. Defendant, who was also present on the porch, got hold of the officer's arm, thus freeing his brother who ran into the house. He was captured and again restrained near the back door of the home where defendant intervened for the second time by knocking the officer off balance and closing the door while William Gray made good his escape. Two criminal cases involving obstructing, resisting, opposing, and assaulting two officers were tried together. Defendant was found guilty in each case by a jury, was sentenced and now brings this appeal.

The questions to which this appeal is directed are whether the officers were engaged in a lawful arrest and whether defendant interfered with the officers while performing their duties.

Defendant contends that the police failed to make an immediate arrest as the law requires. He argues that since his arrest was not immediate, it was illegal, and he cannot be charged with resisting the officers. The people contend that the arrest was immediate and rely on a continuity of action from the time of the reckless driving until the arrest of William Gray was completed.

An examination of applicable law discloses that any peace officer may, without a warrant, arrest a person for the commission of any felony or misdemeanor committed in his presence. CL 1948, § 764-.15 (Stat Ann 1954 Rev § 28.874). Such an arrest must be made immediately. *People* v. *Johnson* (1891), 86 Mich 175. If the officers had a right to arrest William Gray without a warrant, then unquestionably the interfering actions of defendant were criminal in nature. However, if the arrest is unlawful, a person is justified in using such reasonable force as is necessary to prevent or to resist the arrest. *People* v. *Krum* (1965), 374 Mich 356.

The promptness with which the arrest was made is a point on which the parties do not agree. The question is of such a nature that reasonable minds could disagree and, being such, it is a question of fact within the province of the jury. Only the jury is to say whether the evidence in a criminal prosecution is sufficient to establish facts which are disputed, and they are the sole judges of the credibility of the witnesses and the weight of the testimony. *People* v. *Anschutz* (1953), 335 Mich 375.

The record indicates that the jury was properly instructed and after due deliberation found defendant guilty as charged. Hence, the verdict settled the fact that a misdemeanor was committed in the officer's presence, the arrest was immediate and lawful, and defendant's interference was unreasonable, unwarranted, and criminal.

Therefore, this Court finds defendant's arguments unpersuasive for the facts and testimony, if believed, support the verdict of the jury. An appellate court cannot and will not interfere with any factual determination made by a jury and supported by the evidence. *People* v. *Keys* (1968), 9 Mich App 482; *People* v. *Shaw* (1968), 10 Mich App 315.

Affirmed.