### HESS *v.* WOLVERINE LAKE

1. FALSE IMPRISONMENT—DEFINITION.
   False imprisonment is sometimes defined as the unlawful restraint of an individual's personal liberty or freedom of locomotion.

2. FALSE IMPRISONMENT—ELEMENTS—UNRIGHTFUL IMPRISONMENT.
   The essence of false imprisonment is that the imprisonment is false—without right or authority to do so.

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur 2d, False Imprisonment § 1.
[2] 32 Am Jur 2d, False Imprisonment § 2.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 December 8, 1970, at Lansing. (Docket No. 9228.) Decided April 22, 1971.

Complaint by Carl E. Hess against the Village of Wolverine Lake and Clifford Cottrell for false imprisonment. Judgment on jury verdict of no cause of action. Plaintiff appeals. Reversed and remanded.

*Paul G. Valentino,* for plaintiff.

*Schnelz & Bulgarelli,* for defendants.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

McGREGOR, J. Plaintiff appeals from a jury verdict of no cause of action, rendered on February 16, 1970, on his complaint of false imprisonment by defendant Cottrell, Village Administrator[1] of Wolverine Lake.

On June 11, 1968, plaintiff went to the village hall to complain about the oiling of the road in front of his home. Upon entering the hall, he proceeded directly into Cottrell's office, where a face-to-face confrontation and heated discussion ensued.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant's status in regard to the police department is not made clear by the record:

"*Q.* Are you a police officer?

"*A.* No, sir.

"*Q.* At this time you had been village manager for a short period of time, is that right?

"*A.* Less than a year.

"*Q.* If I recall the other testimony here, the chief of police just recently resigned; is that correct?

"*A.* Yes.

"*Q.* In your position of village administrator, what are your functions?

"*A.* I'm over the police department."

Testimony at trial established the following events and circumstances:

Plaintiff placed both his hands on Cottrell and pushed him back three or four feet. Cottrell pulled out his wallet, displayed a badge of some sort (although it was not a police badge), and then informed plaintiff that he was under arrest. Cottrell, as well as the secretary and the village treasurer, denies this. Plaintiff then left the building. Later, Cottrell asked village policeman Darlington to bring the plaintiff back to his office so that they could resume their discussion. Darlington went to the plaintiff's home and offered to take him to the village hall in the squad car; plaintiff agreed to go, but drove his own car. The discussion continued and more verbal invectives were exchanged between Cottrell and the plaintiff. During this discussion, Cottrell gave the plaintiff the alternative of apologizing and paying a fine of $100 or going to jail. Plaintiff began to leave and stated that, if defendant wanted to stop him, he would have to shoot him. Plaintiff stated that, as he was leaving the room, he heard Cottrell tell Darlington to "take" the plaintiff and do whatever had to be done with him. Defendant admittedly said something to this effect, but said he used the language to "do whatever is necessary".

Officer Darlington took the plaintiff to the office of John Weick, a local justice of the peace. Upon their arrival at that office and learning that he was out, Officer Darlington called and talked to Mr. Weick on the phone and was advised by him to release the plaintiff.

No warrant for plaintiff's arrest was then or thereafter issued, nor has a criminal complaint been filed by the defendant in this matter. The defendant testified that he believed the matter had been

exaggerated out of proportion and that he saw no reason to prosecute.

False imprisonment is sometimes defined as "the unlawful restraint of an individual's personal liberty or freedom of locomotion". 12 Michigan Law & Practice, False Imprisonment, § 1, p 292. The essence of a claim of false imprisonment is that the imprisonment is false, *i.e.*, without right or authority to do so. *Donovan* v. *Guy* (1956), 347 Mich 457, 464; *Barker* v. *Anderson* (1890), 81 Mich 508, 511; *Carr* v. *National Discount Corporation* (CA 6, 1949), 172 F2d 899, *cert den* 338 US 817 (70 S Ct 59, 94 L Ed 495); 12 Michigan Law & Practice, False Imprisonment, § 3, p 299; see *Leisure* v. *Hicks* (1953), 336 Mich 148.

The trial court instructed the jury that, if the plaintiff had committed a breach of the peace and, in the ordinary course of procedure for prosecution of a similar complaint, he would have been found guilty, they must find that the period of time the plaintiff was held did not constitute a false imprisonment. Plaintiff objected to this charge, contending that it was error. We agree. The basic issue was whether the plaintiff was lawfully detained; the fact that he may have committed a breach of the peace earlier that day would not justify his arrest (if he were arrested) without a warrant at a later point in time. See MCLA §§ 764.15, 764.16.

Other alleged errors either are not meritorious or are unlikely to occur on retrial of this cause and are, therefore, not discussed here.

Reversed and remanded. Costs to plaintiff.

All concurred.