JORDAN v SHEA

OPINION OF THE COURT

1. ARREST—WITHOUT WARRANT—PEACE OFFICERS—MISDEMEANORS.

A peace officer may arrest without a warrant for a misdemeanor committed in his presence at a time subsequent to the commission of the offense; the statute contains no time limit as to when the arrest must be made (MCLA 764.15[a]).

2. ARREST—WITHOUT WARRANT—MISDEMEANORS.

A rearrest made without a warrant by the same officer in whose presence a misdemeanor had been committed after a charge had been dismissed without prejudice by a district court because a key prosecution witness was absent due to illness in the family, was a lawful arrest even though made 2-1/2 months after the offense had been committed; circuit court properly granted summary judgment to the defendants in a case where plaintiffs sued for false arrest and false imprisonment because of such an arrest.

CONCURRENCE BY BRONSON, P. J.

3. ARREST—WITHOUT WARRANT—MISDEMEANORS—REASONABLE DELAY.

*The power of a police officer in whose presence a misdemeanor was committed to effectuate subsequent arrests is subject to due process considerations, and where there was an unreasonable delay between the date of the offense and the arrest, an arrest without a warrant will not be sanctioned.*

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 1 December 6, 1972, at Lansing. (Docket No. 13341.) Decided April 24, 1973. Leave to appeal applied for.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Arrest §§ 26, 28.

Complaint by Walter D. Jordan, Roger L. Davis, and Marvin Ridgel against Thomas F. Shea and Jerry Reynard for damages resulting from false arrest and false imprisonment. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Plunkett, Cooney, Rutt & Peacock* (by *Thomas C. O'Brien)*, for plaintiffs.

*William F. Delhey,* Prosecuting Attorney, and *Basil A. Baker,* Assistant Prosecuting Attorney, for defendant Thomas F. Shea.

*Devine & Devine,* for defendant Jerry Reynard.

Before: Bronson, P. J., and R. B. Burns and Danhof, JJ.

Danhof, J. Plaintiffs commenced an action in circuit court for an alleged false arrest and false imprisonment. Defendants answered and filed a motion for summary judgment which was granted. Plaintiffs appeal.

The essential facts are as follows: On June 5, 1970 at approximately 2:50 a.m. defendant, Jerry Reynard, a police officer for the City of Ann Arbor, attempted to arrest plaintiff Jordan for being drunk and disorderly. An altercation ensued and plaintiffs, Davis, Jordan, and Ridgel, were charged with committing the offenses of assault and battery on police officers and obstructing a police officer in the performance of his duty. All of the activities leading to the arrests were committed in the presence of defendant, Reynard. Complaints and warrants were issued and the three plaintiffs were scheduled for trial on August 27, 1970. On the date set for trial a key prosecution witness was absent, due to illness in the family. A continuance

was requested by defendant Shea, who was the assistant prosecutor in charge. This was denied by the district judge and the case was dismissed, but without prejudice. Immediately after the dismissal, and while yet in the courtroom, defendant Shea ordered defendant Reynard to rearrest the plaintiffs. Plaintiffs were thereupon rearrested by defendant, Reynard, for the original offenses and the necessary complaints and new warrants were issued within approximately 2 hours. Subsequently, plaintiffs were convicted for the offense of assault and battery. After their rearrest, but prior to their conviction, plaintiffs filed an action for damages alleging false arrest and false imprisonment against the defendants.

The essence of the plaintiffs' case as stated in their brief is that an arrest for a misdemeanor committed in the presence of a police officer can only be made at the time that the crime is committed. Thereafter, any arrest must be on a warrant if it is for a past misdemeanor. Plaintiffs allege that no misdemeanor was in fact committed on August 27, 1970 and consequently their arrest and detention on the original charges constituted false arrest and false imprisonment.

The trial judge in granting the summary judgment assumed the arrest on August 27, 1970 was illegal, but that the subsequent conviction of the plaintiffs for the offense was a complete defense to the instant action. For the reasons hereinafter stated we believe that the trial judge arrived at the correct result, but our basis for that decision differs from the trial court.

MCLA 764.15(a); MSA 28.874(a) provides:

"Any peace officer may, without a warrant, arrest a person—

"(a) For the commission of any felony *or misde-meanor* committed in his presence." (Emphasis added.)

Plaintiffs have cited to us a number of cases which they claim substantiate their proposition that the arrest on August 27, 1970 was illegal. The first is *Hess v Wolverine Lake,* 32 Mich App 601, 604 (1971), where they rely on the following statement:

"The basic issue was whether the plaintiff was lawfully detained; the fact that he may have committed a breach of the peace earlier that day would not justify his arrest (if he were arrested) without a warrant at a later point in time. See MCLA 764.15; MSA 28.874, MCLA 764.16; MSA 28.875."

However, the facts in *Hess* clearly indicate that the alleged arrest of the plaintiff by the village policeman of Wolverine Lake was not for any action committed in the presence of the officer. The alleged arrest was over an altercation between plaintiff and the village administrator which did not occur in the presence of the policeman. Consequently, the statement relied upon by the plaintiff in *Hess* is not substantiated by the facts.

Plaintiffs next cite *People v Gray,* 23 Mich App 139, 141 (1970):

"An examination of applicable law discloses that any peace officer may, without a warrant, arrest a person for the commission of any felony or misdemeanor committed in his presence. MCLA 764.15; MSA 28.874. Such an arrest must be made immediately. *People v Johnson,* 86 Mich 175 (1891)."

However, again, an examination of the facts indicates that the activity for which Gray was arrested was committed in the presence of the

police officers, and in fact was committed upon the police officers. Therefore, the officers clearly had a right to arrest. An examination of *People v Johnson,* 86 Mich 175, 178 (1891), which is cited as authority for the above statement in *Gray, supra,* discloses the following statement:

"To authorize an arrest without a warrant, the offense must be committed in the presence of the officer, and the arrest must be made immediately."

Again, however, the real question in *Johnson* was, was the misdemeanor committed in the presence of the officer? As to this, the Court said, p 178:

"It was not in his presence, and when he arrived there was perfect tranquility."

Thus, the real holding in *Johnson* was that the misdemeanor was not in fact committed in the presence of the officer.

In *People v McLean,* 68 Mich 480, 486 (1888), the arrest by the undersheriff was held to be illegal because the court said:

"The warrant was issued and delivered to the sheriff. The sheriff is authorized to take such assistance with him in making an arrest as he may deem necessary, and the warrant in his possession while present and pursuing his object will be a justification to his assistants in making the arrest. But he has no authority to send an under-sheriff or deputy to one place to make an arrest without a warrant, while he goes to another for the same purpose with the warrant. He cannot send his deputy into one town or county while he gives pursuit in another. * * *

"We think it clear that in cases of misdemeanors the sheriff must be present either in sight or hearing, directing the arrest, to justify a person not armed with the warrant to make the arrest."

The basis for this decision is no longer the law. MCLA 764.15(e); MSA 28.874(e) provides:

"Any peace officer may, without a warrant, arrest a person—

"(e) When he has received positive information by written, telegraphic, teletypic, telephonic, radio or other authoritative source that another officer holds a warrant for such arrest."

*McCullough v Greenfield,* 133 Mich 463 (1903), was predicated on *People v McLean, supra,* and thus has been obviated by MCLA 764.15(e); MSA 28.874(e). In *People v Bartz,* 53 Mich 493 (1884), the Supreme Court held that the breach of the peace misdemeanor was clearly committed within the presence of the officer, thus justifying defendant's arrest without a warrant.

In *Schnider v Montross,* 158 Mich 263 (1909), it was held that a peace officer could arrest only for misdemeanors which were classified as breaches of the peace. Since plaintiff's arrest did not fit that category it was illegal. Clearly here the plaintiff's actions did constitute a breach of the peace. In *Larson v Feeney,* 196 Mich 1 (1917), it was determined that the actions of the plaintiff did not constitute a misdemeanor, even though she had in fact pled guilty to the alleged charge. Therefore, what transpired in the presence of the officer did not constitute a type of activity for which an arrest could be made. No such contention is made here. *Lynn v Weaver,* 251 Mich 265 (1930), determined that the activities of the plaintiffs in the presence of the officers constituted a violation of the city ordinance of disturbing the peace, and hence were a misdemeanor committed in the presence of the officer and the arrest was valid.

Accordingly, all of the cases which plaintiffs

claim substantiate their position do not, upon examination, support the assumptions and claims made.

MCLA 764.15(a); MSA 28.874(a) is unequivocal in stating that a peace officer may arrest without a warrant for a misdemeanor committed in his presence. We find no time limit, as plaintiffs claim, as to when the arrest must be made. In this case the original arrest by defendant Reynard was for activity committed by the plaintiffs in his presence, as was the subsequent arrest on August 27, 1970. Plaintiffs claim would be good if defendant, Shea, had directed another officer to place the plaintiffs under arrest, or if he himself had attempted to make such an arrest (assuming without deciding that an assistant prosecutor may make arrests). To accept the position of the plaintiffs would give rise to the following problems: Assume a misdemeanor committed in an officer's presence, but he is unable to apprehend the culprit, although he makes an absolute identification. Some time later, the next day, or later, he observes the culprit again, clearly recognizes him, and places him under arrest for the activity he originally witnessed. To hold that the defendant was illegally arrested would be a contradiction of the provisions of the statute. MCLA 764.15(a); MSA 28.874(a). Accordingly, we conclude that the arrest of the plaintiffs on August 27, 1970 was lawful.

Affirmed.

R. B. BURNS, J., concurred.

BRONSON, P. J. *(concurring)*. I concur in the majority opinion as applied to the instant case and express my separate observations to preclude the misuse of this opinion.

Although the majority dismiss a contemporane-

ous or immediacy requirement, the power of the same police officer, in whose presence the misdemeanor was committed, to effectuate subsequent arrests must be tempered by reasonableness. This holding will not sanction an arrest when there is an unreasonable delay between the date of the offense and arrest. This expiration of time is clearly subject to due process considerations. *People v Hernandez,* 15 Mich App 141 (1968); *People v Robinson,* 41 Mich App 259 (1972). In view of this protection the majority opinion should not be extended beyond its intended purpose to the detriment of prospective defendants.