PEOPLE *v.* SOUTHERN.

1. INNKEEPERS—BOUNCERS—POLICEMEN.

Police officers are not made bouncers in restaurants by law nor are they authorized to put people out of places where proprietor may not want them.

2. ARREST—EVIDENCE—RESISTING AN OFFICER.

Upon officer's request that defendant leave restaurant, latter's reply "let me tell you my side of the story" and taking hold of officer's billy as officer was about to strike *held,* insufficient to constitute offense of resisting an officer.

3. CRIMINAL LAW—EVIDENCE—RES GESTÆ—RESISTING AN OFFICER—POLICEMAN'S BILLY.

Policeman's billy used by him in compelling defendant to get out of restaurant after request of proprietor and officer *held,* admissible as part of *res gestæ* in prosecution of defendant for resisting an officer.

4. ARREST—WARRANT—BREACH OF PEACE—PRESENCE OF OFFICER.

A police officer without a warrant has no right to arrest a person for a mere breach of the peace not committed in the presence of the officer.

5. SAME—EJECTION FROM RESTAURANT—RESISTING AN OFFICER.

In prosecution of defendant for resisting an officer while being ejected from restaurant at request of proprietor, evidence *held,* to require direction of acquittal where officers had no warrant to arrest defendant, he committed no felony or misdemeanor in presence of officer and did not fight officers.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 16, 1936. (Docket No. 117, Calendar No. 38,477.) Decided March 2, 1936.

Jack Southern was convicted of resisting an officer. Reversed and defendant discharged.

*F. E. Wetmore,* for appellant.

POTTER, J.   Defendant was arrested and the information filed against him charged that on November 24, 1934, at the city of Muskegon Heights, in Muskegon county, he did then and there obstruct, resist, oppose, assault and beat one Cecil Savacol and one David Gabel, being then and there officers authorized by law to maintain and preserve the peace.  Defendant, on trial in the circuit court, was, by a jury, convicted; sentenced by the court; and brings the case here by appeal in the nature of writ of error.

The facts are substantially that defendant was in a restaurant at Muskegon Heights where he had some misunderstanding or altercation with the proprietor thereof who attempted to strike defendant with a beer bottle which slipped out of the hands of the proprietor and struck the window.   Some people congregated about the place, the police were notified and the officers in question came to the restaurant.   When they entered, the proprietor told them he wanted defendant put out of the place and the officers asked the defendant to go home.   Defendant said ''Let me tell you my side of the story,'' whereupon officer Savacol took him by the arm to lead him out of the place and the defendant jerked away from him, whereupon the officer Savacol drew his billy and attempted to strike defendant who grabbed hold of the weapon and Savacol asked his brother policeman to hit defendant over the head with his billy which he did.   Defendant, clubbed into submission, was handcuffed and taken to jail and complaint subsequently made against him which resulted in his trial, conviction and sentence.

Defendant contends the court was not justified in telling the jury when the billy of officer Savacol was offered in evidence that he couldn't see what particular difference it could make in the case, that defendant would be guilty if he stayed in that place after the officer had tried to take him out; the court should have directed a verdict of not guilty upon defendant's motion at the close of the people's case; defendant was not guilty of resisting an officer in the discharge of his duties when he jerked away from such officer and said "Let me tell you my side of this;" it was not a part of the duty of the police officer to throw or put persons out of a public place at the request of the manager thereof or the person in charge of such place; the court had no right or authority to order the jury to bring in a verdict of guilty; defendant was not guilty of resisting an officer under the proofs; and the court did not have the right or authority under the law and the proofs to order a verdict of guilty.

The trial court charged the jury:

(a) "It is my opinion, and I so charge you, that if this respondent, Jack Southern, while in this restaurant at two o'clock in the morning was acting in such a way that the man in charge of the restaurant wanted him to get out, to go out, it was his business to go out and leave the place and when he stayed there and the officer came in there and the officers said, 'Come on, Jack,' and after he had heard the man in charge say he wanted the men out of there, it was this man's duty to leave and when these officers took him by the arm and said, 'Come on, Jack, come on out,' then it was time for him to leave, and he didn't do it, but continued to stay there, and the undisputed evidence shows that he did, then he is guilty of obstructing the officers

who were there for the purpose of maintaining the peace;

(b) "Now, there is testimony that there were other customers there, that it was at that time of night, and, in my opinion, the undisputed evidence shows that this man is guilty of resisting and obstructing the officers in the performance of their duty in attempting to get him out of that place;

(c) "Now, members of the jury, in a criminal case it is necessary for the court to require the jury to retire and to bring in their verdict, but, as I say, the undisputed evidence shows, and I so instruct you, that Jack Southern is guilty of this charge here made against him that on November 24, 1934, in the city of Muskegon Heights he obstructed and opposed officers Savacol and Gabel in the discharge of their duty, and it will be your duty, under the circumstances as I see it, to find a verdict of guilty as charged."

There is no law that makes police officers bouncers in restaurants or authorizes them to put people out of places where the proprietor may not want them as seems to have been the case here. The mere fact that when the officer told defendant to come on out of the place and go home, defendant replied "Let me tell you my side of it," is not sufficient to constitute resisting an officer. There is no claim defendant did anything to the officer until the officer took hold of him and attempted to strike him with the billy, when defendant grabbed the weapon whereupon complaining witness asked his brother officer to club him with his own billy which he did. Outside of the fact defendant said to the officers, "Let me tell you my side of the story," and the fact he took hold of the billy of officer Savacol at the time complaining witness attempted to strike him with it and begged the officers not to hit him, it is not

claimed defendant did anything toward the officers or fought them in any way. Notwithstanding this, the trial court charged the jury:

"This offense was completed on the part of Jack Southern when he was told to get out of the restaurant by the proprietor and later by the officers and when he refused in response to the request of the officers to leave and insisted upon staying there and fought with them after that time."

The complaining witness, Savacol, testified that defendant's resistance consisted in keeping complaining witness from hitting the defendant with a black-jack. There is no serious claim defendant was placed under arrest or that there was any attempt to place him under arrest until after the officers had clubbed him into submission. The officers first asked him to go home and he didn't go home. He had done nothing in the presence of the officers to authorize them to arrest him even for a misdemeanor, and he was not engaged in the commission of any felony. There were no circumstances present at that time which authorized the officers to make an arrest without a warrant, and there is no claim they had any warrant at the time they attempted to put him out of the place. There is testimony that while defendant was there, he was struck over the head with a billy several times notwithstanding he begged the officers not to hit him with it; and defendant's counsel offered the billy in evidence when it was produced in court but this offer was rejected, but it was subsequently admitted. We see no reason why the weapon was not admissible as a part of the *res gestæ.*

Under the undisputed facts, the court was in error in directing the jury to find the defendant guilty as

charged. There was no proof to sustain the charge to the jury the defendant was fighting the officers. There is no proof he assaulted and beat the complaining witness and one David Gabel. There is no proof on the record he touched them. He had not committed a breach of the peace in the presence of the officers and consequently they had no right to arrest him for committing a breach of the peace. *Quinn* v. *Heisel,* 40 Mich. 576; *People* v. *Haley,* 48 Mich. 495; *People* v. *McLean,* 68 Mich. 480; *Pinkerton* v. *Verberg,* 78 Mich. 573 (7 L. R. A. 507, 18 Am. St. Rep. 473); *People* v. *Johnson,* 86 Mich. 175 (13 L. R. A. 163, 24 Am. St. Rep. 116); *White* v. *McQueen,* 96 Mich. 249; *McCullough* v. *Greenfield,* 133 Mich. 463 (62 L. R. A. 906, 1 Ann. Cas. 924); *Larson* v. *Feeney,* 196 Mich. 1 (L. R. A. 1917 D, 694). Nor is there any evidence of any resistance made by defendant except when the officer drew his blackjack to strike him, he begged him not to strike him with the black-jack and took hold of it to prevent being hit. Under the undisputed evidence, the trial court should have directed a verdict of not guilty.

Conviction is reversed. Defendant discharged.

NORTH, C. J., and FEAD and EDWARD M. SHARPE, JJ., concurred with POTTER, J.

WIEST, J. (*concurring*). Limiting decision to the facts in this case I concur in the result.

I do not join in the general observations of my Brother.

BUTZEL and BUSHNELL, JJ., concurred with WIEST, J. TOY, J., did not sit.