PEOPLE v. DAVIS.

1. ARREST—ATTEMPT—EVICTION FROM RESTAURANT.
    Where an officer who had been summoned by proprietor of a lunchroom to evict intoxicated defendant who had been creating a disturbance not in officer's presence, merely placed his hand on defendant's arm or shoulder and asked what the trouble was, such action by officer did not constitute an offer or attempt to arrest defendant.

2. CRIMINAL LAW—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER.
    Where officer had placed his hand on intoxicated defendant who had been creating a disturbance in restaurant and inquired of latter what the trouble was, whereupon defendant struck the officer and in the ensuing struggle pulled officer's gun from holster, pointed it at officer who grabbed cylinder and barrel and pushed it aside and gun was discharged but without hitting officer, defendant was properly arrested and charged with the felony of assault with intent to do great bodily harm less than the crime of murder since the arrest was not made until after assault was committed (Act No. 328, § 84, Pub. Acts 1931).

3. SAME—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER—SUFFICIENCY OF EVIDENCE.
    Testimony taken at portion of preliminary examination by municipal judge held, sufficient to permit such judge to bind de-

fendant over for trial on charge of assault with intent to do great bodily harm less than the crime of murder, hence motion to quash proceedings was properly denied notwithstanding additional testimony was taken before another justice of the peace before return was made (Act No. 328, § 84, Pub. Acts 1931).

4. SAME—INDORSEMENT OF NAME OF WITNESS DURING TRIAL—ABSENT WITNESS.

It was not error to indorse, during the trial, the name of police officer on information for assault with intent to do great bodily harm less than the crime of murder, where purpose of such indorsement was to permit taking of testimony of such officer in order to lay a foundation for reading to the jury the previously-taken testimony of a witness upon whom service of subpoena was sought to be made but who was absent from the State (3 Comp. Laws 1929, § 17319; Act No. 328, § 84, Pub. Acts 1931).

5. SAME—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER—EVIDENCE.

Evidence showing that intoxicated defendant struck police officer in the face with his fist, pulled officer's gun from its holster, pointed it at officer and discharged it when officer succeeded in pushing it aside *held*, sufficient to present case to jury and to sustain its verdict finding defendant guilty of the crime of assault with intent to do great bodily harm less than the crime of murder, the intent to commit such crime being a question of fact for the jury and inferable from such evidence (Act No. 328, § 84, Pub. Acts 1931).

6. SAME—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER—INSTRUCTION.

It is proper for the trial court, in defining intent, under a charge of assault with intent to do great bodily harm less than the crime of murder, to explain to the jury the difference between an intent to murder and an intent to do great bodily harm less than murder (Act No. 328, § 84, Pub. Acts 1931).

7. SAME—REQUESTS TO CHARGE.

Refusal to give certain requests to charge in prosecution for assault with intent to do great bodily harm less than the crime of murder was not error where charge would either have been misleading or wholly improper if such requests had been given as worded (Act No. 328, § 84, Pub. Acts 1931).

8. SAME—INSTRUCTIONS—EMPHASIS.

Charge to jury in prosecution for assault with intent to do great bodily harm less than the crime of murder, as a whole, *held*, eminently fair and impartial and to have correctly stated the law of the case as applied to the testimony therein and not to have given undue emphasis to isolated words or phrases as claimed (Act No. 328, § 84, Pub. Acts 1931).

Appeal from St. Joseph; Arch (Charles O.), J., presiding. Submitted June 13, 1946. (Docket No. 54, Calendar No. 43,290.) Decided September 11, 1946.

Robert Duane Davis was convicted of assault with intent to do great bodily harm less than the crime of murder. Affirmed.

*Howard, Howard & Howard*, for appellant.

*John R. Dethmers*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Franklin P. Bush*, Prosecuting Attorney, for the people.

BOYLES, J. On trial by jury in the circuit court for St. Joseph county the defendant was convicted of an assault with intent to do great bodily harm less than the crime of murder.* On appeal he seeks a new trial claiming reversible error in denying a motion to quash and dismiss, in charging the jury, and in denying a new trial on the ground that the evidence was not sufficient to prove the defendant guilty of the charge. On some of the material facts the testimony is in dispute.

At the time of the offense the defendant was 19 years of age, married, and living in Sturgis. He was working at odd jobs and his wife was employed

---

* See Act No. 328, § 84, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-84, Stat. Ann. § 28.279).—REPORTER.

as a waitress and relief cook in Richie's Lunch, a lunchroom conducted by one Ralph Hire. On the day of the alleged assault, October 5, 1945, the defendant spent the afternoon in a certain club in Sturgis, and became intoxicated. During the afternoon his wife telephoned him several times from the lunchroom where she was working, to get him to come to the lunchroom for his supper. She found that he was intoxicated, and finally went to the club after him at 5:30. They returned to the lunchroom together, and there the defendant created a drunken disturbance.

Mr. Hire, the proprietor of the lunchroom, tried to quiet the defendant down. He testified:

"He and his wife were sitting at a booth. I was called to the back end, to the table. I could not say if they came in together. I was not there when they came in. As to what called my attention to them, one of the waitresses told me I would have to go over there and tell Bob to keep his mouth shut, that he was causing a disturbance. I did not hear anything, I just saw [sat?] there, he started cussing his wife over there, they was arguing. He called her a son-of-a-bitch for one thing. I said 'Listen Bob, I am not going to tell you any more, we have got customers in here and we cannot stand that,' and I asked him in a nice way. I did not go over to the booth to him, I sat at the table. He kept calling her all the names he could say. I said 'Now listen I am not going to tell you any more, now Bob this is the last,' but still he continued. I stepped to the phone to call the police. I could not get the police, so Iva Walters (a waitress), I had her to take my keys and go to the police state (*sic,* station), so she went. After he had found out we had sent for the police he quieted right down."

In about five minutes Edward Long, a police officer of the city, came in response to the call. He was

in uniform, with a belt and a gun and holster at his left side. When he arrived he saw no disturbance and walked to the kitchen door at the rear of the lunchroom where the proprietor was standing. While they were talking there the defendant's wife came running to them, said "Don't let him (the defendant) get me," or "Don't let Bob get me," and went into the kitchen. The defendant followed her to the door, and the dishwasher grabbed him to keep him from going into the kitchen. What then happened is in dispute. According to some of the witnesses, the proprietor was telling the officer that he wanted the defendant taken out of the lunchroom and the defendant was saying that he wanted to explain. The record does not support the claim of counsel for the defendant that the officer thereupon arrested the defendant or tried to remove him from the lunchroom. The officer put his hand on the defendant's arm or shoulder and said: "What is the trouble." Thereupon the defendant struck the officer in the face with his fist. The officer then grappled with the defendant, a tussle ensued, the defendant with his right hand pulled the officer's gun from its holster at his left side, pointed it at the officer who grabbed it by its cylinder and barrel and pushed it aside. The defendant had hold of the gun by its butt, the gun was discharged without hitting the officer and the bullet went through a garbage can. Beyond any reasonable doubt the defendant caused it to be discharged. The officer, with the aid of others, then took the defendant out of the building and to the jail.

The foregoing is gathered from the testimony of the officer, the proprietor Mr. Hire, Mr. Carl F. Kohn, the dishwasher, a waitress and a customer also sworn as a people's witness. With some variations, parts of their testimony were admitted by

the defendant's wife and his foster mother in their testimony. The defendant did not testify.

Counsel for the defendant claims that the court erred in denying his motion, made before the trial started, to quash the proceedings held before the magistrate on preliminary examination and dismiss the case for the following reasons:

"First: That there is no evidence of any offense not cognizable by a justice of the peace.

"Second: That no probable cause is shown of the guilt of the respondent of any offense not cognizable by a justice of the peace.

"Third: That there is no evidence on which to bind the respondent over to the circuit court for trial on the charge set out in the information.

"Fourth: That the justice who took the complaint and issued the warrant conducted the examination in part, and then the examination was adjourned from October 9th to 1:30 p.m. of October 15th, when a justice of the peace of the city of Three Rivers presided, and Municipal Justice Flanders was not present, that was Van Selous, the justice of Three Rivers who bound him over. Now the certificate is by the Municipal Judge Flanders. I don't care to say very much, take much time of the court on the matter, except to mention a case which is found in 274 Michigan, and is the *People* v. *Southern,* at page 628. I call attention to that case because the facts are almost identical. In that case the respondent was charged with resisting an officer."

Counsel for defendant relies on *People* v. *Southern,* 274 Mich. 628. In that case the defendant was charged with resisting an officer. After an altercation between the defendant and the proprietor in a place of business, the police were called in, an officer asked the defendant to go home and took him by the arm to lead him out of the place. The

defendant resisted, whereupon the officer attempted to strike the defendant with a billy, the defendant was arrested and subsequently charged with resisting an officer. The undisputed testimony showed that the officer attempted to arrest the defendant although no offense had been committed in the presence of the officer when the attempt to arrest him was made. On the appeal this court held that the trial court was in error in directing the jury to find the defendant guilty of resisting an officer, and that the evidence plainly showed that the defendant was not guilty of the offense. In the case at bar the testimony plainly shows that the officer did not offer or attempt to arrest the defendant, until after the defendant struck the officer in the face and seized the officer's gun. The officer had merely placed his hand on the defendant and asked him what the trouble was, and this cannot be reasonably construed as an attempt to arrest. The defendant was not subsequently charged with resisting an officer, as in the *Southern Case*. He was charged with an assault with intent to do great bodily harm *less* than the crime of murder. If the officer had not brushed the gun aside before it was discharged, the charge would doubtless have been much more serious. The facts in the instant case readily distinguish it from the *Southern Case* on which defendant relies. The trial court did not err in denying defendant's motion to dismiss based on the *Southern Case*.

The testimony at the preliminary examination was taken and transcribed by an official stenographer and is in the record. Edward Long, the police officer, was sworn and testified, at the municipal courtroom in Sturgis, before John S. Flanders, municipal judge. Mr. Hire, the proprietor, and Mr. Kohn, the dishwasher, both of whom were also *res gestae* witnesses, were sworn and testified before Municipal

Judge John S. Flanders. These witnesses were cross-examined at length by the counsel for the defendant who represented him at the preliminary examination. Their testimony before the municipal judge fully justified him in finding that the offense of assault with intent to do great bodily harm less than the crime of murder had been committed, and that there was probable cause to believe the defendant to have been guilty thereof. The testimony of these three *res gestae* witnesses taken before the municipal judge was substantially the same as their testimony later received on the trial before the jury. The return to the circuit court on the examination, binding the defendant over for trial, was made by Municipal Judge Flanders. Before this was done, the testimony of three other witnesses was taken in the municipal courtroom in Sturgis, before a justice of the peace of the city of Three Rivers, with defendant's counsel being present, cross-examining the witnesses, and interposing no objection to the justice of the peace also acting as the examining magistrate. It is claimed that the justice of the peace was brought in because of illness of the municipal judge, and with the consent of defendant's counsel. Be that as it may, this later testimony taken before the justice of the peace may be disregarded in its entirety in so far as it affected the right of Municipal Judge Flanders to bind the defendant over for trial. The testimony before him was sufficient, and the motion to quash the proceedings on this ground was properly denied by the trial judge.

During the trial the court, on motion of the prosecuting attorney, granted leave to indorse the name of one Wayne Bottomly, a police officer, on the information. Appellant claims this was error. It was shown that the prosecuting attorney had learned

during the trial that Mr. Kohn (the dishwasher), a *res gestae* witness, had left the State shortly prior to the starting of the trial, and when Officer Bottomly had attempted to serve a subpoena on this witness he learned that the witness had left the State. The purpose in taking the testimony of Officer Bottomly was to lay a foundation for reading to the jury the testimony of this absent witness, under 3 Comp. Laws 1929, § 17319 (Stat. Ann. § 28.1049). It was not error to permit the indorsement of Officer Bottomly's name on the information during the trial.

At the conclusion of the people's testimony counsel for the defendant moved the court to direct a verdict of not guilty, and to instruct the jury that the defendant could not be convicted of assault with intent to do great bodily harm less than the crime of murder. After verdict defendant's counsel moved for a new trial on the ground that the verdict was "against the great weight of the evidence." No error was committed in the denial of these motions. The court properly submitted the questions of fact to the jury, and it is sufficient to say that the testimony sustains the verdict of the jury that the defendant was guilty of assault with intent to do great bodily harm less than the crime of murder. The intent to do great bodily harm may be inferred from the acts of the defendant in striking the officer in the face with his fist, in pulling the officer's gun from its holster and pointing it at the officer's body, and the fact that it was discharged by the defendant when the officer succeeded in pushing it aside. The defendant's intent was a question of fact for the jury. *People* v. *Miller*, 91 Mich. 639; *People* v. *Resh*, 107 Mich. 251; *People* v. *Mulvaney*, 171 Mich. 272.

Appellant argues that the court committed reversible error in his charge, by defining the crime of murder. In that connection, after briefly defining the crime of murder, the court continued:

"It is the intent with which the jury (sic, injury) is inflicted or attempted, that constitutes a material element of assault with intent to do great bodily harm less than the crime of murder, and when such intent is shown, that which would be only an assault, unaccompanied with the felonious intent, will be assault with intent to do great bodily harm less than the crime of murder when thus accompanied.

"To constitute the offense in the information, it must appear that the respondent intended to do the complaining witness great bodily harm less than the crime of murder. It must appear that the injury intended was serious and permanent bodily injury, as was within the natural result of the means employed and his manner of using those means."

In support of his claim, appellant relies on *People v. Cismadija,* 167 Mich. 210. The case has no application here. In that case the defendant was charged with and convicted of having committed an assault with intent to murder. The court charged the jury that if death had ensued from the effects of the revolver shots, the crime would have been murder, *not manslaughter.* In reversing, the court said (p. 213):

"The difficulty with this instruction is that the record is, in our opinion, absolutely barren of evidence which would have supported a verdict of murder, in case Goller had died from the effects of his wound."

It is proper, in defining intent, under a charge of assault with intent to do great bodily harm less than the crime of murder, to explain the difference be-

tween an intent to murder, and an intent to do great bodily harm less than murder.

Appellant claims reversible error based on refusal to give certain requests to charge, and on certain elements in the charge given. The defendant's requests to charge are not in the certified record or in the printed record. However, in appellant's reasons and grounds for appeal, and in appellant's brief, claim is made the court erred in refusing to charge the jury that its verdict must be not guilty, that the officer had no right to lay his hand on the defendant or attempt to arrest him, that the jury could only consider the defendant guilty of simple assault or assault and battery, that when the officer went into the restaurant no disturbance was being made and the officer had no right to arrest the defendant. The charge would either have been misleading or wholly improper if these requests had been given as worded and the court did not err in refusing to adopt them in the charge. Appellant also claims reversible error in the charge as given, mainly by attempting to give emphasis to isolated words or phrases, where the context indicates that no such emphasis was given. The appellant does not point out any statement in the charge as given which shows a misstatement of law. The charge as a whole was eminently fair and impartial and the law of the case was correctly stated as applied to the testimony in the case.

Affirmed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.