PEOPLE v. WOODS

1. Arrest—Elements—Coercion.
   An arrest is the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act which indicates an intention to take him into custody.

2. Arrest—Coercion—Knowledge.
   Evidence that a defendant knew and acknowledged that police were in pursuit of him shows that there was sufficient coercion to constitute an arrest, even without manual seizure of defendant.

Appeal from Kent, John T. Letts, J. Submitted Division 3 April 10, 1969, at Grand Rapids. (Docket No. 4,212.) Decided April 21, 1969. Leave to appeal denied November 18, 1969. See 382 Mich 795.

Robert C. Woods was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *James K. Miller*, Prosecuting Attorney, *Robert J. Stephan*, Chief Appellate Counsel, and *Jack L. Winter*, Assistant Prosecuting Attorney, for the people.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley*, for defendant.

Reference for Points in Headnotes
[1, 2] 5 Am Jur 2d, Arrest § 1.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree murder. CL 1948 § 750.316 (Stat Ann 1954 Rev § 28.548). He was sentenced to life imprisonment on June 9, 1967.

He asserts 9 claims as a basis for appellate relief. Most of these have to do with the trial court's denial of motions made by defendant's counsel for change of venue; demand for a bill of particulars; refusal of the trial court to compel the prosecution to elect or declare among the alternative acts charged in the complaint; the failure of the trial court to order, in advance of trial, full discovery of all statements secured from police officers and witnesses; failure of the trial court to exclude defendant's confession before defendant's opening statement; and the failure of the trial court to declare a mistrial based on the testimony that the deceased had "ducked" before he was shot. All of these rulings have been carefully examined and it is concluded that the defendant has not met the burden of establishing that the trial court abused its discretion or that defendant was denied a fair trial as a consequence of these rulings.

The remaining issues have to do with the question of whether or not the defendant had been placed under lawful arrest before the homicide. The facts established that the defendant left the Limelight Bar following an altercation with another man during which defendant fired a German Luger into the floor. The police arrived on the scene and were informed that the defendant had fired the shot and were guided to his home by a witness. On arrival the police surrounded the house and demanded that the defendant surrender his weapon. He volunteered to come out of the house, but refused to drop

the gun used in the subsequent homicide. All of the police officers testified at trial that the defendant was told, "You are under arrest for felonious assault, Bob." This statement, however, did not appear on the police reports nor was there any other witness who could testify that they heard this statement. The police then began to enter the home of the defendant and one of the policemen was killed by the defendant.

It was the contention of the defense that the arrest was illegal, and that the provocation of the unlawful arrest should have reduced the crime charged from murder to manslaughter. This contention does not have merit.

"An arrest is the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest. The act relied upon as constituting an arrest must have been performed with the intention to effect an arrest and must have be so understood by the party arrested." *People* v. *Gonzales* (1959), 356 Mich 247, 253, referring to 4 Am Jur, *Arrest*, § 2.

It is concluded from the examination of the record that there was sufficient evidence to show that the defendant knew and acknowledged that the police were in pursuit of him. This was sufficient coercion albeit not manual seizure to constitute lawful arrest. *People* v. *Davis* (1946), 315 Mich 342.

Affirmed.